Cite as 2025 Ark. 158

# SUPREME COURT OF ARKANSAS
**No.** CR-24-249

| | | |
|---|---|---|
| MARKEITH MITCHELL | | **Opinion Delivered:** October 16, 2025 |
| | APPELLANT | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CR-21-150] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE SPENCER SINGLETON, JUDGE |
| | APPELLEE | <u>DISSENTING OPINION FROM THE DENIAL OF PETITION FOR REVIEW</u>. |

**NICHOLAS J. BRONNI, Associate Justice**

Yet again, the court declines to clarify the standard for giving and reviewing lesser-included instructions. Here, the court of appeals reversed Markeith Mitchell's conviction in part because the trial court declined to give an extreme-emotional-disturbance manslaughter instruction. Bound by our case law, the court of appeals held that a trial court abuses its discretion and commits reversible error when it declines to give a lesser-included instruction that is supported by "'the slightest evidence'" and there is a "rational basis for giving it." *Mitchell v. State*, 2025 Ark. App. 233, at 13, 711 S.W.3d 838, 848 (quoting *Rainey v. State*, 310 Ark. 419, 422, 837 S.W.2d 453, 455 (1992)). We're not so bound, and this case is yet another missed opportunity to clarify the standard for giving lesser-included instructions.

As I explained just last term, our abuse-of-discretion-reversible-error-slightest-evidence-rational-basis standard doesn't make sense, is self-contradictory, and cannot be

squared with the relevant statutory framework. *See Parker v. State*, 2025 Ark. 55, at 10–14, 709 S.W.3d 807, 814–16 (Bronni, J., concurring). Nor does that framing jibe with our case law, which routinely affirms trial court decisions declining to give such instruction. *See id.* at 10, 709 S.W.3d at 814. That's hardly surprising since our standard "isn't the result of principled statutory interpretation or considered analysis" but "the result of reading language out of context and decades of layering various standards on top of one another without ever attempting to reconcile those various layers." *Id.*

So rather than adhere to a standard that doesn't provide any meaningful guidance to lower courts, I'd grant the petition; end the confusion; and—as I explained in *Parker*—articulate the standard that our cases actually apply. I respectfully dissent.